**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

DELISHA SIBLEY, INDIVIDUALLY AND
ON BEHALF OF ALL HEIRS-AT-LAW OF
SHANTE SWINNIE, A MINOR, DECEASED;
AND DANIELLE BRUMFIELD, INDIVIDUALLY
AND AS NEXT FRIEND OF JAIRUS KING,
DIAMOND WOODARD, ELICIA WOODARD,
ADARYLE WOODARD, MINORS; AND
MAMIE WHITE, INDIVIDUALLY                                          PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:05-CV-516HTW-LRA

CONTRACT FREIGHTERS, INC.,
AND JOHN DOES 1-3
                                                                    DEFENDANTS

**ORDER**

Before the court is the motion in limine [**Docket No. 82**] of the defendant Contract Freighters, Inc., seeking to strike various anticipated testimony by witnesses Gloria Buhlman and Dennis Buhlman.

This lawsuit arises out of an accident which occurred on United States Highway 59 near McNeil, Mississippi, on March 13, 2005. The defendant Contract Freighters says that by no negligent action of its driver, the plaintiffs' vehicle left the road and struck some trees. The plaintiffs, on the other hand, say that a tractor-trailer truck owned by Contract Freighters crossed the median, struck them and forced them off the road.

Defendant Contract Freighters, Inc., respectfully now moves this court for an order *in limine* prohibiting the plaintiffs from offering testimony from their drivers, Gloria

and Dennis Buhlman, either live or by way of deposition, regarding the drivers' trips prior to this incident; references to the log books or alleged CFI procedures for its drivers; and testimony from Gloria Buhlman regarding any complaints with the front dash of her tractor that she was operating at the time of the incident. Defendant also requests the court to further instruct plaintiffs, their counsel, and any witnesses they offer, from mentioning this information at any point during the trial of this matter.

At this time, the court cannot issue a broad rule prohibiting this testimony. While the testimony seems excludable under defendant's theory of the case, it may be relevant to plaintiffs', which is quite different from defendant's.

So, this court will deny the motion, subject to plaintiffs showing this court**,** **BEFORE OPENING STATEMENTS,** that this purported testimony has relevancy.

**SO ORDERED** this the30th day of September, 2007.

**s/ HENRY T. WINGATE**

_____
 **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-CV-516 HTW-LRA
Order